[Cited in Morse on Citizenship, 230; 18 Am. Law Reg. (N. S.) 673. Nowhere reported; opinion not now accessible.]

---

## Case No. 9,558.

### MILLER'S CASE.

[Brown, Adm. 156.] [1]

District Court, E. D. Michigan. March, 1867.

COURTS—CRIMINAL JURISDICTION—HIGH SEAS.

The great lakes are not "high seas" within the meaning of the act of July 29, 1850 [9 Stat. 441], punishing the burning of vessels.

[Cited in Ex parte Byers, 32 Fed. 406. Cited in dissenting opinion in U. S. v. Rodgers, 150 U. S. 280, 283, 14 Sup. Ct. 121, 122.]

Motion in arrest of judgment. The defendant [Henry Miller] was convicted of wilfully procuring the setting on fire of the passenger steamer Morning Star, plying between Detroit and Cleveland, on Lake Erie. The indictment was framed under the act of July 29, 1850 (section 7, 9 Stat. 441), punishing the offense when committed on the "high seas." The defendant's counsel moved the court that a rule be entered directing an arrest of judgment, for the reasons following, to wit: (1) Because the offense named in the indictment is charged to have been committed on the high seas, and this court has no jurisdiction over any part of the high seas. (2) Because the offense charged in the indictment, if committed on any part of Lake Erie, is not an indictable offense within any act of congress

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

cognizable by this court. (3) It appears in evidence that if the offense charged in the indictment was committed at all, it was committed within the territorial boundaries of the state of Ohio, and hence the court had no jurisdiction, and erred in refusing to charge the jury, as requested by the defendant's counsel, that this court had no jurisdiction of the case.

G. V. N. Lothrop, for the motion.

Alfred Russell, U. S. Dist. Atty., for the Government.

WILKINS, District Judge. By the constitution congress may define and punish felonies committed upon the high seas. The motion in this case requires the court to determine the meaning of the words "high seas," as employed in the constitution and the penal acts passed thereunder. The 7th section of the act of July 29, 1850, under which this indictment is framed, provides that "every person not being an owner who shall on the high seas wilfully, with intent to destroy the same, set fire to any vessel," &c.

I regard it as settled that the high seas are the uninclosed waters of the ocean outside the projecting capes. Without going over the cases at length, I may refer to Wiltberger's Case, 5 Wheat. [18 U. S.] 76, and Bevans' Case, 3 Wheat. [16 U. S.] 336; U. S. v. Grush [Case No. 15,268]. The act of 1850, under consideration, is almost identical with the act of March 26, 1804, c. 40 [2 Stat. 290], and Judge Story, in U. S. v. Robinson [Case No. 16,176], gave a construction to that act, and decided that ship-burning on a bay in the island of Bermuda, land-locked and inclosed by reefs, was not committed on the "high seas" within the purview of the act. So Mr. Justice Nelson, in the late case of U. S. v. Wilson [Id. 16,731], also held in respect to this offense when committed on the East river. It should be observed that in most other acts touching offenses on the high seas, the words "or in any haven, creek, basin, bay or other waters within the admiralty and maritime jurisdiction," are added. And within this latter description the lakes would be included. But the act of 1845 [5 Stat. 726], itself extending the admiralty jurisdiction over the lakes, recognizes the distinction between the lakes and the high seas. The same jurisdiction is given by that act to the district courts in certain cases arising on the lakes, as in cases arising on the high seas.

It is true that, in Moore v. American Transp. Co., 24 How. [65 U. S.] 1, the supreme court declared that navigation upon Lake Erie was not inland navigation as contradistinguished from navigation upon the ocean, and used language classing the lakes with the ocean for certain commercial purposes; but the opinion in that case clearly points out the distinction between the lakes and the high seas.

I agree with the court in Wilson's Case [supra], that it is within the constitutional competency of congress to define and punish this offense when committed upon other waters than the high seas; but congress has not done so; and in cases like this and the case of the Lake Erie pirate, Burley, the federal courts cannot act without an amendment of the act of 1845 extending the jurisdiction to crimes, as well as to torts and contracts concerning lake shipping between the states. Such an act would be beneficial on account of the difficulty of fixing the locality of such crime so as to give jurisdiction to any particular state court, and by reason of the accessibility and effective process of the federal courts. In this and other similar cases the offender will in all probability go unpunished in any state court.

The evidence in this case exhibited a state of facts truly frightful to contemplate, and it is with great regret I feel compelled by the decisions of the supreme court to grant the motion and direct the discharge of the prisoner for want of jurisdiction.

Judgment arrested.